## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOYOTA LEASE TRUST,<br><br>      Plaintiff,<br><br>v.<br><br>THE VILLAGE OF FREEPORT, ALL COUNTY HOOK UP TOWING, INC. d/b/a ALL COUNTY TOWING & RECOVERY AND JOSEPH CALVAGNO,<br><br>      Defendants. | **CIVIL ACTION NO: 20-cv-2207**<br><br>**COMPLAINT** |

Plaintiff Toyota Lease Trust ("Toyota" or "Plaintiff") brings this Complaint against Defendants The Village of Freeport ("Freeport") All County Hook Up Towing, Inc. d/b/a All County Towing & Recovery ("All County") and Joseph Calvagno ("Calvagno") (collectively, "Defendants"), and alleges as follows:

### INTRODUCTION

1.      Toyota brings this action in order to stop the widespread and repeated deprivation of its property without regard to the well-settled constitutional rights to due process and to be free from unreasonable seizures. Specifically, Freeport, acting with All County and Calvagno, summarily deprived Toyota of its right, secured by the Fourteenth Amendment to the United States Constitution, to be free from State deprivations of property without due process of law, and its right, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable seizures.

2.      Freeport and All County seized a vehicle belonging to Toyota for an ostensible law enforcement purpose. Freeport and All County then unlawfully impressed an *ex parte* lien

on the vehicle for towing and storage charges which, they claimed, would supersede Toyota's interests in that vehicle. Freeport threatened that the vehicle would be "destroyed" unless its demands were met. Freeport and All County then refused to release the vehicle to Toyota unless Toyota first presented Freeport and All County with the original lease as well as a police release form and a hold harmless agreement in favor of Freeport and All County. They continued to assess further storage charges which supposedly superseded Toyota's rights, without having afforded Toyota any opportunity for a hearing before an impartial decision-maker, with adequate notice, whereat Toyota could protect its interests in the vehicle.

3.    To this day, Freeport and All County continue to hold and detain Toyota's property under claim of right that its actions are protected by police authority, and continue to assert that they are entitled to a lien for towing and storage charges, accrued and continuing to accrue, purportedly having priority over Toyota's rights, without due process of law or a reasonable basis for continued interference with Toyota's possessory interests.

4.    Freeport and All County's actions deprive Toyota of its right to due process as secured by the Fourteenth Amendment and its right to be free from unreasonable seizures secured by the Fourth Amendment to the United States Constitution, as well as its right to be free from unreasonable seizures secured by Article I, Section 12 of the New York State Constitution and its right to Due Process as secured by Article I, Section 6 of the New York State Constitution.

5.    Freeport and All County seize hundreds of vehicles every year and equally deprive numerous others by similarly impressing liens on those others' vehicles without notice and a hearing, contrary to both the Federal and New York State constitutions.

6.      Freeport and All County have no procedure for affording a hearing to persons who are deprived of their interests in vehicles which are seized by Freeport and All County for law enforcement objectives and then detained to leverage payment of fees to Freeport and All County. Freeport and All County's failure to have such a procedure ensures that there is an unreasonable seizure and a denial of due process every time Freeport and All County seize a vehicle, impress a lien, detain a vehicle and demand money and other things of value be given to them as a condition for release of a vehicle.

## JURISDICTION AND VENUE

7.      Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

8.      Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. §1983.

9.      Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action rises under the Constitution and laws of the United States.

10.     The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal claims and which have a common nucleus of operative fact.

11.     Venue lies in the Court pursuant to 28 U.S.C. §1391.

## PARTIES

12.     Plaintiff Toyota Lease Trust (hereinafter "Toyota") is a Delaware business trust existing by virtue of laws of the State of Delaware, and a wholly owned subsidiary of Toyota

Motor Credit Corporation. Toyota is the holder of the duly recorded ownership interest in the 2018 Toyota Camry vehicle identification number 4T1B11HK2JU149713 (The "Subject Vehicle"). Toyota is in the regular business of leasing Toyota vehicles and retaining ownership interests in those vehicles during the pendency of the lease.

13.    The Village of Freeport is a municipal corporation organized under the laws of the State of New York.

14.    Defendant All County Towing & Recovery (hereinafter "All County") is an assumed name for All County Hook Up Towing, Inc., upon information and belief, a corporation organized and existing under the laws of the State of New York and operating as a business engaged in the towing and storage of motor vehicles; upon information and belief, All County is physically in possession of the Subject Vehicle.

15.    Defendant Joseph Calvagno is a citizen of the State of New York and the owner and person responsible for the practices and decisions made by All County.

## FACTS COMMON TO ALL COUNTS

### Freeport and All County Seized the Subject Vehicle

16.    On or about March 31, 2020, Freeport seized the Subject Vehicle through Freeport police officers acting within their duties as law enforcement officers.

17.    On or about March 31, 2020, All County was an active regular contract agent towing and detaining vehicles at the direction of Freeport Police officers.

18.    Upon seizing the Subject Vehicle, Freeport directed All County to tow and detain the Subject Vehicle.

19.    On November 5, 2018, and at all times thereafter, Toyota was the owner of the Subject Vehicle as evident by the title issued by The New York State Department of Motor Vehicles in the name of Toyota as owner.

20.    Toyota had leased the Subject Vehicle to consumer lessees named Dorothy Kinsey and Sandra D. Kinsey pursuant to the terms of a vehicle lease agreement for personal use.

21.    Toyota had no involvement with or knowledge of the operation of the Subject Vehicle at the time it was seized by Freeport police officers and has not been charged with any wrongdoing relating to the Subject Vehicle.

**Freeport and All County Impressed An *Ex Parte* Lien**

22.    Freeport and All County demanded payment of various sums of money and other things of value as a condition for release of the Subject Vehicle and retained the Subject Vehicle to enforce payment of such sums.

23.    On March 25, 2020, Freeport sent Toyota a letter stating that the Subject Vehicle would be "destroyed" unless Toyota complied with its demands. See **Exhibit 1**.

24.    Freeport and All County's demand for money (and other things of value) in exchange for possession of the Subject Vehicle was tantamount to asserting a *de facto* possessory lien in the Subject Vehicle superior to Toyota's ownership rights, the assertion and impression of which constituted a deprivation without due process of law.

**Freeport and All County Refused To Return Toyota's Property**

25.    Freeport and All County worked in concert to detain the Subject Vehicle from Toyota by imposing a series of conditions for release as detailed in the joint Freeport Police Department and All County Towing form "PMF173-05/07/2019." See **Exhibit 2**.

26.     Freeport would not permit Toyota to recover the Subject Vehicle unless Toyota presented Freeport with the original title and original lease agreement for the Subject Vehicle.

27.     Freeport would not permit Toyota to recover the Subject Vehicle unless Toyota paid $117.00 in "cash only" to Freeport.

28.     Freeport would not permit Toyota to recover the Subject Vehicle unless Toyota paid all fees demanded by All County.

29.     Freeport would not permit Toyota to recover the Subject Vehicle unless Toyota executed a release of liability in favor of Freeport.

30.     Freeport threatened to "acquire title" and that the vehicle would be "destroyed" unless Toyota complied with Freeports demands.

31.     All County would not permit Toyota to recover the Subject Vehicle unless Toyota first obtained permission from Freeport to recover the Subject Vehicle.

32.     All County would not permit Toyota to recover the Subject Vehicle unless Toyota paid all sums of money demanded by All County, including a $50.00 charge for every day All County detained the Subject Vehicle.

33.     All County would not permit Toyota to recover the Subject Vehicle unless Toyota executed a release of liability and hold harmless agreement in favor of All County.

34.     Toyota is not obligated to comply with the demands made by Freeport and All County, and refused to do so.  Freeport and All County continued to refuse to release the Subject Vehicle to Toyota.

35.     Freeport and All County's initial towing and detention of the Subject Vehicle constituted a meaningful interference with Toyota's possessory and ownership interests in the

Subject Vehicle, which seizure was not effectuated pursuant to a warrant or valid exception to the warrant requirement.

36.    After the initial reason for seizing the Subject Vehicle, that initial reason expired on or before the date when Freeport and All County began demanding Toyota pay Freeport and All County money and other things of value.  By demanding Toyota pay Freeport and All County in exchange for possession, Freeport and All County continued to meaningfully interfere with Toyota's possessory and ownership interests in the Subject Vehicle without a warrant or valid exception to the warrant requirement,

37.    Both the initial seizure and the continued detention separately constituted unreasonable seizures of the Subject Vehicle in violation of the United States and New York Constitutions.

**All County and Calvagno's Involvement**

38.    During the aforementioned incidents, Joseph Calvagno was the individual in control of All County.

39.    Joseph Calvagno was the person responsible for creating and implementing All County's regular practices, including the practice of impressing an ex parte lien for towing and storage on a seized vehicle, the practice of refusing to allow an owner to recover a vehicle without a release from Freeport Police and the practice of not having any process for allowing a hearing relative to Freeport and All County's detention of the vehicle.

40.    All County towed and possessed the Subject Vehicle solely by virtue of its contract with Freeport. All County detained the Subject Vehicle as a joint participant with Freeport, and, therefore, was acting under color of law when it seized and detained of Toyota's property.

**Freeport and All County Refuse to institute a Procedure for Judicial Review**

41.     Both before and after seizing the Subject Vehicle, Freeport and All County did not take action to secure judicial review of the seizure.

42.     Both before and after seizing the Subject Vehicle, Freeport and All County did not take action to secure judicial review over the continued retention of the Subject Vehicle.

43.     Both before and after seizing the Subject Vehicle, Freeport and All County did not pursue judicial disposition within a reasonable amount of time.

44.     Prior to impressing a lien for charges against the Subject Vehicle, Freeport and All County had not provided any hearing before an impartial decision-maker, with adequate notice, whereat Toyota could protect its interests in recovering the vehicle and avoiding storage charges accruing *in futuram*.

45.     What notice was provided by Freeport and/or All County were constitutionally inadequate for due process purposes.

46.      Freeport and All County continue to hold and detain the Subject Vehicle and continue to assert that they are entitled to deprive Toyota of Toyota's possessory and ownership interests in the Subject Vehicle.

**COUNT I**
**Violation of Civil Rights Pursuant to title 42 U.S.C. §1983**
**(Deprivation of Property Without Due Process of Law and Deprivation by**
**Unreasonable Seizure in violation of the Fourteenth and Fourth**
**Amendments to the United States Constitution)**
**(Against All Defendants)**

47.     Toyota realleges and incorporates herein by reference each of the foregoing allegations of the complaint.

48.     Prior to Freeport and All County's involvement with the Subject Vehicle, Toyota held the duly recorded ownership interest in the Subject Vehicle.

49.     At all times relevant to this action, Toyota had the immediate right to take possession of the Subject Vehicle pursuant to the terms of Toyota's lease agreement.

50.     Freeport and All County acted under color of state law to deprive Toyota of a valuable and protectible property interest, namely possession of the Subject Vehicle, by seizing and detaining the Subject Vehicle without providing any form of notice or opportunity for a hearing whereat Toyota could protect its interests.

51.     Freeport and All County acted under color of state law to deprive Toyota of its interests in the Subject Vehicle by impressing a lien for various fees against the Subject Vehicle and detaining the vehicle while demanding for compliance with numerous conditions, without having provided notice to Toyota that they are impressing a lien that would supposedly supersede Toyota's interests and without having provided notice of an opportunity for a hearing whereat Toyota could protect its interests from such supposed lien.

52.     Freeport and All County acted jointly under color of state law to deprive Toyota of its interests in the Subject Vehicle by refusing to release the Subject Vehicle unless Toyota first presented Freeport and All County with a form (from Freeport Police) authorizing such release.

53.     Freeport and All County's action in using the police power to seize Toyota's property, and then using such authority and state law to deprive Toyota of its property rights in the Subject Vehicle without pre-deprivation or post-deprivation notice and the opportunity for a hearing, violates the Due Process requirement of the Fourteenth Amendment to the United States Constitution.

54.     Freeport and All County meaningfully interfered with Toyota's possessory and ownership interests in the Subject Vehicle without securing a warrant and without a valid exception to the warrant requirement.

55.     Freeport and All County's joint detention of the Subject Vehicle without cause, after the initial law enforcement purpose for the initial seizure ended, violates the Fourth Amendment to the United States Constitution.

56.      Freeport and All County knew or should have known that it was unlawful and unconstitutional to detain a vehicle without a warrant or exception to  the warrant requirement after the law enforcement justification for the initial seizure ended.

57.     Freeport and All County knew or should have known that it was unconstitutional to create a lien for fees, including towing and storage fees for the period of time that Freeport and All County were detaining the vehicle where notice and the opportunity for a hearing upon the validity of such detention and lien had not been afforded to the persons with property interests in the Subject Vehicle, including Toyota.

58.     As a direct and proximate result of Freeport and All County's violation of Toyota's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution and its right to Due Process under the Fourteenth Amendment to the United States Constitution, Toyota has suffered damage based upon the lost use of the Subject Vehicle, the lost value of the Subject Vehicle, and other damages.

59.     From the time of Freeport and All County's impound of the Subject Vehicle, the vehicle has depreciated in value to the direct damage of Toyota.

60.     Freeport and All County's refusal to release the Subject Vehicle deprived Toyota of the use of the Subject Vehicle and has interrupted the stream of payments due to Toyota on its lease of the Subject Vehicle, to the direct damage of Toyota.

61.     The conduct of Freeport and All County in not seeking to have a prompt impartial review of its detention of the Subject Vehicle after the law enforcement justification for the initial seizure ended was consistent with and part of the standard procedure and policy utilized by Freeport and All County.

62.     The conduct of Freeport and All County in not pursuing judicial disposition of the Subject Vehicle promptly after the law enforcement justification for the initial seizure ended was consistent with and part of the standard procedure and policy utilized by Freeport and All County.

63.     The conduct of Freeport and All County in charging various fees, including towing and storage fees, as a lien on the Subject Vehicle beginning with the first day of seizure and continuing every day thereafter that Freeport and All County possess the Subject Vehicle is consistent with and part of the standard procedure and policy utilized by Freeport and All County.

64.     The conduct of Freeport and All County in charging storage fees as a lien on the Subject Vehicle on a daily basis from the day of seizure *in futuram* is consistent with and part of the standard procedure and policy utilized by Freeport and All County.

65.     The conduct of Freeport and All County in refusing to release the Subject Vehicle to Toyota unless Toyota paid various fees, including towing and storage fees, to Freeport and All County assessed without any opportunity for a hearing is consistent with and part of the standard procedure and policy utilized by Freeport and All County.

66.     The letter from Freeport which is attached as **Exhibit 1** was issued consistently with Freeport's official policies and regular procedures.

67.     It is Freeport and All County's official policy to refuse a vehicle owner's request to recover possession of a vehicle seized by Freeport and All County at the request of Freeport Police unless the vehicle owner complies with all conditions stated in the form attached hereto as **Exhibit 2**.

68.     The official decisions attributable to All County were vested in a designated officer of All County (Joseph Calvagno) with actual and apparent exclusive authority over the Subject Vehicle which decisions to act or not act directly caused the deprivations complained of by Toyota.

69.     The Freeport and All County practices in seizing, detaining, charging towing and storage fees at a daily rate and holding out such charges as a lien giving Freeport and All County the priority right of possession are persistent, regular and widespread thereby constituting custom and usage under Freeport and All County's contract which results in such practices affecting dozens of vehicles yearly.

70.     Freeport and All County do not maintain any procedural mechanism for providing hearings after seizure to parties holding interests in such seized vehicles; the denial of the opportunity for a hearing in the hundreds of tows contemplated in the Freeport and All County contract constitutes regular and persistent activity.

71.     The failure by official Freeport and All County policy makers to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention and assertion of charges and liens against vehicles, as made clear by numerous controlling (such decisions being rendered against All County itself) court decisions, amounts to deliberate

indifference to the rights of persons who have interests in vehicles that are seized, detained, subjected to changes and liened by Freeport and All County, including:

    a.   Ally Financial v All County Towing, 162 AD3d 1371 (3rd Dept. 2018);

    b.   HVT v All County Towing & Recovery, 166 AD3d 14421(3rd Dept. 2018);

    c.   Ally Financial v All County Towing & Recovery, 166 AD3d 1142 (3rd Dept. 2018);

    d.   Santander Consumer USA, Inc. v All County Towing, 171 AD3d 1258 (3rd Dept. 2019);

    e.   Vault Trust v All County Towing & Recovery, 171 AD3d 1336 (3rd Dept. 2019);

    f.   Ally Financial v All County Towing, 174 AD3d 1071 (3rd Dept. 2019).

72.    But for Freeport and All County's deprivational policy, decisions, practices and failures above described, Toyota would have had the right to recover and would have recovered the Subject Vehicle without delay or with minimal delay by reason of measures that preserve legitimate governmental interests but are less intrusive than continued detention of the vehicle; without incurring liability for or loss due to towing and storage charges impressed *ex parte*; without incurring liability for or loss due to further alleged storage charges continually accruing daily; and without alleged loss of lien priority to the claim asserted by Freeport and All County against the Subject Vehicle.

**COUNT II**
**Violation of New York Constitution Article I, Sec. 6**
**(Deprivation of Property Without Due Process of Law) Article I, Sec. 12**
**(Deprivation by Unreasonable Seizure)**
**(Against All Defendants)**

73.    Toyota realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint.

74.     Freeport and All County's actions as indicated violate the corresponding protection of the New York State Constitution set forth in Article I, Sections 6 and 12 therein.

### COUNT III
### Declaratory Relief
### (Against All Defendants)

75.     Toyota realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint

76.     An actual controversy has arisen and now exists between Toyota, Freeport, All County and Joseph Calvagno warranting declaratory relief pursuant to 28 U.S.C. 2201.

77.     Toyota seeks a declaration that Freeport and All County must unconditionally release the Subject Vehicle to Toyota and that all monetary charges asserted against the Subject Vehicle are null and void against Toyota.

78.     Toyota seeks a declaration that Due Process violations occurring by reason of Freeport and All County's improper seizure and detention of the Subject Vehicle are chargeable to Freeport, All County and Joseph Calvagno, jointly and severally.

79.     Toyota seeks a declaration that the conduct of Freeport, All County and Joseph Calvagno as directed above, violates the United States and New York State Constitutions.

80.     Toyota seeks a declaration that New York State Vehicle and Traffic Law §1224 is unconstitutional, as applied, under the United States and New York State constitutions to the extent that such statue is relied upon by Freeport and All County to justify their actions that form the basis of this complaint.

81.     Toyota seeks a declaration that Freeport and All County and Joseph Calvagno are liable to Toyota pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for all damages and attorney's fees suffered and incurred by Toyota.

## COUNT IV
### Replevin
### (Against All Defendants)

82.     Toyota realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint.

83.     Toyota's lease agreement for the Subject Vehicle is in default by reason of the seizure and detention of the Subject Vehicle caused by Freeport and All County.

84.     Such default entitles Toyota to take possession of the Subject Vehicle.

85.     Toyota has made demand upon Freeport and All County that the Subject Vehicle be released to Toyota, but Freeport and All County have failed and refused to permit Toyota to take possession of the Subject Vehicle.

86.     Freeport and All County have no lawful basis to detain the Subject Vehicle from Toyota.

87.     Toyota demands a judgment for possession of the Subject Vehicle.

## COUNT V
### NEW YORK STATE GENERAL OBLIGATIONS LAW (GBL) 349
### (Against All County and Joseph Calvagno)

88.     Toyota realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint.

89.     All County's statement that the Subject Vehicle may not be released without a police release and hold harmless agreement and action in detaining the Subject Vehicle upon demand for fees which are not authorized by law and constitute deceptive acts.

90.     All County seizes vehicles under a contract with Freeport allowing All County to impose its practices throughout a set geographic location, namely The Village of Freeport, which constitutes a practice having a broad impact upon consumers (all those in the geographic area).

91.    All County's actions complained of hereto are part of a regular and systematic practice controlled by Joseph Calvagno, the principal operator of All County.

92.    All County and Joseph Calvagno's actions constitute a deceptive act or practice in the conduct of any business, trade or commerce or in the furnishing of any service in violation of NYS GBL§ 349.

93.    All County and Joseph Calvagno have caused Toyota damages constituting of the value of the vehicle detained from Toyota, depreciation, attorney fees and warrant punitive damages as such conduct continues despite numerous Court decisions that condemn such conduct.

## PRAYERS FOR RELIEF

**WHEREFORE**, Toyota requests that this Court grant:

a)  a judgment in favor of Toyota on all causes of action asserted herein;

b)  a declaration that as a result of Freeport and All County's violation of Toyota's rights, Freeport and All County have no right to detain the Subject Vehicle from Toyota and shall release the vehicle upon demand to Toyota;

c)  a declaration that as a result of Freeport and All County's violation of Toyota's rights all monetary charges asserted by Freeport and All County against the Subject Vehicle are null and void as to Toyota;

d)  a declaration that New York State Vehicle and Traffic Law § 1224 is unconstitutional, as applied, under the United States and New York State Constitutions to the extent that such statute is replied upon by Freeport and All County to justify their actions that form the basis of this complaint;

e)  an order directing Freeport and All County to deliver the Subject Vehicle to Toyota forthwith;

f)  a permanent injunction against Freeport and All County and Joseph Calvagno prohibiting the above-described unconstitutional and deceptive practices;

g)  compensatory damages, consequential damages, punitive damages, statutory treble damages, costs and attorneys' fees against Freeport, All County and Joseph Calvagno, jointly and severally, and in favor of Toyota;

h) such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

Dated: New York, NY
May 15, 2020

**Norris McLaughlin, P.A.**


By:   /s/ Nicholas Duston
      Nicholas A. Duston
      7 Times Square, 21st Floor
      New York, NY 10036
      212-808-0700
      naduston@norris-law.com
      *Counsel for Plaintiff*

# EXHIBIT 1

FREEPORT POLICE DEPARTMENT
40 N OCEAN AVE
FREEPORT, NY 11520-
(516)378-0700

020492PV244

4T1B11HK2JU149713

March 25, 2020

Trust Toyota Lease
Po Box 105386
Atlanta, GA 30348-

RE Registration - HBT4205 State - NY Year - 2018

| Impound Number FR-00261-20 | VIN | 4T1B11HK2JU149713 |
| Case Number | Make | TOYOTA |
| | Model | CAMRY |
| | Color | |

Dear Trust Toyota Lease

   You are hereby notified that the above described motor vehicle, for which
you are listed as the last registered owner, has been impounded by this
Department

   You are therefore being notified to reclaim the said vehicle forthwith  As
pursuant to Section 1224 of the Vehicle and Traffic Law of the State of New
York, you are liable for the costs of removal and storage of said vehicle

   YOUR FAILURE TO CLAIM THIS VEHICLE WILL NOT ABSOLVE YOU OF YOUR LIABILITY
TO PAY THE REMOVAL AND STORAGE CHARGES FOR THIS VEHICLE

   The Village of Freeport shall acquire title to this vehicle unless claimed
within ten (10) days of the above date  In such event the vehicle will be
destroyed

   This is your final notice, you will receive no further communications
regarding this matter

If  you are no longer the owner of the above vehicle, Disregard this
notification

RECEIVED
MAR 3 0 2020

MICHAEL V HORNE
PO

# EXHIBIT 2

**Rudolph Meola**

| | |
|---|---|
| **From:** | Giovanniello, PO Nicholas <n.giovanniello@freeportpolice.org> |
| **Sent:** | Monday, April 27, 2020 4:24 PM |
| **To:** | Josh Witkop |
| **Subject:** | Vehicle Impound Release |
| **Attachments:** | Impounded Vehicle Release Procedure.pdf |

P.O. Nicholas A. Giovanniello
Freeport Police Department
Phone: 516-377-2482
Fax:    516-377-2432



FREEPORT POLICE DEPARTMENT

40 NORTH OCEAN AVENUE

FREEPORT, NEW YORK 11520

IMPOUND RELEASE

MONDAY – FRIDAY

516-377-2411

*9:30 AM – 3:30 PM*

ALL COUNTY TOWING

66 EAST MERRICK ROAD

FREEPORT, NEW YORK 11520

IMPOUND RELEASE

MONDAY – FRIDAY

516-378-9486

*8:00 AM – 4:30 PM*

IMPOUND # _____ PLATE # _____ DATE OF IMPOUND _____

*IMPOUNDING OFFICER, ISSUED A MV78B FORM AT THE SCENE IF NEEDED*

ADVISE THE MOTORIST TO REMOVE ALL PERSONAL ITEMS FROM THE VEHICLE, TO CHECK THE GLOVE BOX FOR THEIR TITLE OR LEASE AGREEMENT PRIOR TO LEAVING THE IMPOUND SCENE.

## READ

**READ** *(left margin)*

**READ** *(right margin)*

> ### IMPOUNDED VEHICLE RELEASE PROCEDURE
>
> 1. RESPOND TO THE FREEPORT MUNICIPAL BUILDING, 46 N OCEAN AV, PAY A $117.00 IMPOUND RELEASE FEE *(CASH ONLY)* AT THE FRONT COUNTER.
> 2. RESPOND TO THE FREEPORT POLICE HEADQUARTERS, 40 N OCEAN AV, WITH THE FOLLOWING ITEMS;
>    A. THE PAID IMPOUND RECEIPT
>    B. THE IMPOUNDED VEHICLES' *ORIGINAL* TITLE, NOT A COPY **
>    C. IF THE VEHICLE IS LEASED, THE *ORIGINAL* LEASE AGREEMENT
>    D. A VALID DRIVER'S LICENSE OR ANY OTHER VALID GOVERNMENT IDENTIFICATION ***
>    E. YOU MUST BE THE VEHICLES' TITLED OWNER. IF YOU ARE NOT THE VEHICLES' TITLED OWNER, YOU MUST HAVE AN *ORIGINAL* NOTARIZED LETTER (faxed or copied not accepted) FROM THE VEHICLES' TITLED OWNER AUTHORIZING THIS DEPARTMENT TO RELEASE THE VEHICLE TO YOU.
>    *THE NOTARIZED LETTER MUST CONTAIN;*
>    VEHICLES' OWNERS NAME, ADDRESS
>    VEHICLE VIN, YEAR, MAKE, MODEL, REGISTRATION (PLATE) #
> 3. THESE DOCUMENTS WILL BE CHECKED BY POLICE PERSONNEL AND IF IN ORDER, APPROVAL FOR IMPOUND RELEASE WILL BE GIVEN.
> 4. IF THE IMPOUNDED VEHICLE VEHICLES' REGISTRATION IS STILL SUSPENDED OR REVOKED, THE VEHICLE WILL BE RELEASED AS A TOW ONLY RELEASE.
> 5. *YOU HAVE (5) DAYS FROM THE DATE OF THE IMPOUND, WEEKENDS INCLUDED, TO CLEAR THE DMV SUSPENSION OR THE PLATE(S) WILL BE RETURNED TO DMV. YOU WILL THEN BE REQUIRED TO RE-REGISTER THE VEHICLE.*
> 6. ATTACHED TO THIS INSTRUCTION PAGE, IS A MV-78B FORM. YOU WILL BE REQUIRED TO SUBMIT THIS FORM TO THE DMV IF YOU CANNOT CLEAR THE DMV SUSPENSION WITHIN FIVE (5) DAYS OF THE IMPOUND. SEE # 5. THE MV-78B FORM ADVISES THE DMV THAT YOUR PLATE(S) HAVE BEEN SEIZED BY THIS DEPARTMENT AND WILL BE RETURNED TO THE DMV AFTER (5) DAYS.

## READ

IF THE VEHICLE IS TITLED TO A CORPORATION;

A. THE IMPOUNDED VEHICLE'S *ORIGINAL* TITLE, NOT A COPY **

B. IF THE VEHICLE IS LEASED, THE *ORIGINAL* LEASE AGREEMENT

C. ARTICLES OF INCORPORATION

D. IF YOU ARE THE COMPANYS OWNER/PARTNER, YOUR NAME MUST APPEAR ON THE ARTICLES OF INCORPORATION WITH THE INCORPORATION SEAL

F. IF YOU ARE NOT LISTED ON THE ARTICLES, YOU MUST HAVE AN *ORIGINAL* NOTARIZED LETTER (faxed or copied not accepted) FROM A PRINCIPAL LISTED ON THE ARTICLES AUTHORIZING THIS DEPARTMENT TO RELEASE THE VEHICLE TO YOU.
THE NOTARIZED LETTER MUST CONTAIN;
VEHICLE'S OWNERS NAME, ADDRESS
VEHICLE VIN, YEAR, MAKE, MODEL, REGISTRATION (PLATE) #

5. YOU WILL BE GIVEN AN IMPOUND RELEASE FORM THAT WILL BE SIGNED BY YOU AND THE POLICE PERSONNEL. YOU WILL THEN BE DIRECTED TO THE PRIVATE IMPOUND FACILITY THAT HAS CUSTODY OF YOUR VEHICLE. YOU ARE RESPONSIBLE FOR ANY AND ALL CHARGES INCURRED AT THIS FACILITY.

6. THE IMPOUND FACILITY **MUST** ALLOW YOU TO RETRIEVE ANY PROPERTY YOU HAVE IN YOUR VEHICLE WITHOUT PAYMENT.

**IF YOU ARE UNABLE TO LOCATE YOUR VEHICLE'S TITLE, RESPOND TO A DMV OFFICE AND FILE FOR A DUPLICATE TITLE. WE WILL ACCEPT THE RECEIPT FOR A DUPLICATE TITLE IN LIEU OF THE ORIGINAL TITLE.

*** IF YOUR LICENSE IS NOT VALID, ANOTHER PERSON WITH A VALID LICENSE MAY DRIVE THE VEHICLE AWAY FROM THE IMPOUND YARD. IF YOUR LICENSE WAS SUSPENDED OR REVOKED AND CONFINSCATED BY THE IMPOUNDING OFFICER, YOU MAY USE ANY OTHER VALID GOVERNMENT IDENTIFICATION FOR THE IMPOUND RELEASE AND HAVE THE VEHICLE TOWED FROM THE IMPOUND YARD.

PMF173 05/07/2019