UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TOYOTA LEASE TRUST,

                               Plaintiff,

     -against-

VILLAGE OF FREEPORT,
ALL COUNTY HOOK UP TOWING, INC., and
JOSEPH CALVAGNO,

                          Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND
ORDER**
20-CV-2207 (DG)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this civil rights action are:  (i) Plaintiff Toyota Lease Trust's ("Toyota" or "Plaintiff") Motion for Sanctions pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 11 and the Court's inherent power against Helen Benzie, Esq. ("Benzie") and Laura Johnson, Esq. ("Plaintiff's Motion" or "Pl. Mot.), DE [83]; and (ii) Laura Johnson's ("Johnson") Motion for Sanctions pursuant to Rule 11 against Nicholas A. Duston, Esq. ("Duston"), Norris McLaughlin, P.A. and Plaintiff ("Johnson's Motion" or "Johnson Mot."), DE [89].  For the reasons set forth below, the Court denies the parties' motions.

## I.   BACKGROUND

As the parties' familiarity with the extensive factual and procedural history of this litigation is presumed, the Court sets forth only the background material that is directly relevant to the instant motions.  *See* DE [62] at 3-11; DE [96] at 2-8 (detailing the underlying facts and procedural history of this action).

Toyota commenced this action by way of Complaint dated May 15, 2020 against Village of Freeport ("Freeport" or the "Village"), All County Hook Up Towing, Inc., d/b/a All County Towing & Recovery ("All County") and Joseph Calvagno ("Calvagno") (collectively, "Defendants") for: (i) deprivation of property by unreasonable seizure and without due process of law in violation of the Fourth and Fourteenth Amendments; (ii) deprivation of property by unreasonable seizure and without due process of law in violation of New York Constitution Article I Sections 6 and 12; (iii) declaratory relief against all Defendants that New York State Vehicle and Traffic Law §1224 is unconstitutional as applied pursuant to Freeport's Scofflaw policy under the United States and New York State Constitutions, and that Defendants are liable under Section 1983 for all damages and attorneys' fees incurred; (iv) replevin; and (v) violation of New York State General Obligations Law § 349 against All County and Calvagno. *See* Compl. Plaintiff continues to be represented by Duston, an attorney at the firm Norris McLaughlin, PA, and Freeport is represented by Benzie. *See* Complaint ("Compl."), DE [1].

On July 8, 2022, the parties filed their cross-motions for summary judgment. *See* DEs [58]-[61]. This Court recommended on January 24, 2023 that Toyota's motion for summary judgment be granted on its Fourth and Fourteenth Amendments due process claims, and as to its request for declaratory relief, but denied as to compensatory damages. *See* Report and Recommendation, DE [62], at 33-34. Judge Gujarati adopted the Report and Recommendation, granting Plaintiff's motion for summary judgment as to its Fourth and Fourteenth Amendments due process claims,

denying it as to compensatory damages, reserving judgment on Toyota's request for declaratory relief, and granting Freeport's motion for summary judgment as to Toyota's replevin cause of action. *See* Order dated 03/30/2023. At a status conference held on May 11, 2023, the parties stipulated that the only two issues remaining in the litigation were compensatory damages and attorneys' fees. *See* DE [69].

Plaintiff filed Toyota's Motion for Attorneys' Fees and Toyota's Motion for Damages the next day. *See* DE [75], *amended at* DE [81]. The Village filed its opposition on July 15, 2023. *See* DEs [76], [77], *amended at* DEs [82], [86]. Toyota filed its reply on August 14, 2023. *See* DE [80]. Because the parties' motions for sanctions address only Toyota's Motion for Attorneys' Fees, the Court does not address its Motion for Damages.

Toyota sought an award of $249,943.50 in attorneys' fees, plus $738.60 in costs. *See* DE [75-1]. In support of its motion, Plaintiff submitted a spreadsheet of attorney and paralegal billing records. *See* Decl. of Nicholas Duston in Support of Mot. for Damages and Attorneys' Fees, DE [75-4], ¶¶ 6-7 and Ex. 1. In its opposition, the Village submitted a settlement offer (the "Settlement Offer") that it sent to Plaintiff's counsel on December 17, 2021, and characterized it as an offer of judgment. *See* Decl. of Helen Benzie in Opp'n to Toyota's Mot. for Attorneys' Fees, DE [76], at ¶ 4 and Ex. B. Freeport stated that "[t]he proposed [offer of judgment] followed the Settlement entered into by the parties in *Santander . . . v. City of Glen Cove*, EDNY Docket No. 20-CV-03318," another civil rights case involving a vehicle seizure with a municipal defendant. *See* Am. Mem. in Opp'n to Toyota's Mot. for Attorneys' Fees, DE [82-1],

at 10.  Duston was plaintiff's counsel in the *Santander* action, which was dismissed voluntarily on August 3, 2021.  *See Santander Consumer USA, Inc.*, No. 20-CV-03318, DEs [27]-[28].  In its opposition to Toyota's Motion for Attorneys' Fees, Freeport also submitted an expert report and affidavit created by attorney Laura S. Johnson.  *See* Affidavit of Laura S. Johnson ("Johnson Aff."), DE [76-1], Ex. B. ("Expert Report"). The Expert Report argued that Toyota's requested fees should be reduced due to purported vagueness, block billing, inappropriate rates and redundancy.

On September 14, 2023, Toyota moved for sanctions against Benzie and Johnson.  *See* Pl. Mot.  Both Freeport and Johnson oppose.[1]  *See* Benzie Memorandum in Opposition to Motion for Sanctions ("Benzie Opp'n"), DE [91-5]; Johnson Memorandum in Opposition to Motion for Sanctions ("Johnson Opp'n"), DE [85].  On October 25, 2023, Johnson moved for sanctions against Duston, Norris McLaughlin, P.A. and Plaintiff.  *See* Johnson Mot.  Toyota opposes.  *See* Duston Memorandum in Opposition to Motion for Sanctions ("Duston Opp'n"), DE [93].

On February 15, 2024, the Court awarded Plaintiff's counsel $235,054.25 in attorneys' fees and $738.90 in costs.  *See* Mem. and Order, DE [96].  The Village appealed that award,  *see* DE [98] Notice of Appeal, and the appeal remains pending.

---

[1] Ex. N to the Benzie Opposition, DE [91-14], includes an email communication from Duston to Benzie dated May 2, 2022, in which Duston insults Benzie.  Local Civil Rule 26.4 instructs counsel "to be courteous in their dealings with each other," and the Court interprets this Rule to apply equally to communications made after the close of discovery.  Duston's disparagements in the May 2, 2022 email are inconsistent with Local Civil Rule 26.4.

## II.    LEGAL STANDARDS

### A.  Rule 11 Sanctions

Fed. R. Civ. P. 11(b) provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper—
> whether by signing, filing, submitting, or later advocating it—an
> attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable
> under the circumstances . . . the claims, defenses, and other legal
> contentions are warranted by existing law or by a nonfrivolous
> argument for extending, modifying, or reversing existing law or for
> establishing new law . . . [and] the factual contentions have evidentiary
> support or, if specifically so identified, will likely have evidentiary
> support after a reasonable opportunity for further investigation or
> discovery . . . .

Fed. R. Civ. P. 11(b)(2), (3).   In addition, "[i]f, after notice and a reasonable

opportunity to respond, the court determines that Rule 11(b) has been violated, the

court may impose an appropriate sanction . . . ."  Fed. R. Civ. P. 11(c)(1).   Such

"sanctions should issue only in extraordinary circumstances . . . ." *Graves v. Deutsche*

*Bank Sec. Inc.*, No. 07-CV-5471, 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010)

(internal quotation omitted).   Ultimately, "[t]he imposition of sanctions . . . and the

determination of the amount of the sanction is left to the court's discretion." *Gelfman*

*Int'l Enters. v. Miami Sun Int'l Corp.*, No. 05-CV-3826, 2009 WL 2242331, at *10

(E.D.N.Y. July 27, 2009); *see Lorber v. Winston*, 993 F. Supp. 2d 250, 253 (E.D.N.Y.

2014) ("[E]ven where a court determines that Rule 11(b) has been violated, the

decision whether to impose sanctions is not mandatory, but rather is a matter for the

court's discretion.").

In considering a motion for sanctions pursuant to Rule 11, courts evaluate the

objective reasonableness of the pleading's allegations at the time the pleading was

5

signed. *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir. 1986); *see Dennis v. Pan Am. World Airways, Inc.*, 746 F. Supp. 288, 292 (E.D.N.Y. 1990) ("The duty to conduct a reasonable pre-filing inquiry into the law does not require that the signer ultimately be proved correct in his view of the law."). "With respect to factual contentions, sanctions may not be imposed unless a particular allegation is utterly lacking in support," and "objectively unreasonable." *Zeta Glob. Corp. v. Maropost Mktg. Cloud, Inc.*, 610 F. Supp. 3d 535, 544 (S.D.N.Y. 2022) (quoting *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014)). "Courts typically look for statements which rise to the level of direct falsehoods before they find that sanctions are warranted pursuant to Rule 11(b)(3)." *Bongiorno v. Baquet*, No. 20-CV-7288, 2021 WL 4311169, at *23 (S.D.N.Y. Sep. 20, 2021) (quoting *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 412 (S.D.N.Y. 2003)).

As to legal contentions, "the operative question is whether the argument is frivolous, *i.e.*, the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands." *Zeta Glob. Corp.*, 610 F. Supp. 3d at 544 (quoting *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012)). "Merely incorrect legal statements are not sanctionable under Rule 11(b)(2)." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 391 (2d Cir. 2003). Put another way, "[t]he fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011). In determining whether to impose sanctions, "the court resolves all doubts in favor of the non-movant." *Simms v. Biondo*, 158 F.R.D. 247, 249 (E.D.N.Y.

1994); *see Burke v. Quick Lift, Inc.*, 464 F. Supp. 2d 150, 163 (E.D.N.Y. 2006) ("[W]hen divining the point at which an argument turns from merely losing to losing and sanctionable, courts must resolve all doubts in favor of the signer of the pleading.") (internal quotation and alterations omitted).

Pursuant to Fed. R. Civ. P. 11, a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . . " Fed. R. Civ. P. 11(c)(2). Rule 11's safe harbor provision requires that a party intending to move for sanctions serve a copy of the actual motion to be filed, and not merely a letter warning of the party's intent to seek sanctions. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) ("An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period."); *see also Castro v. Mitchell*, 727 F. Supp. 2d 302, 307-08 (S.D.N.Y. 2010) ("Courts have held that even a letter detailing the nature of the conduct which purportedly violates Rule 11 and threatening to file a motion for sanctions cannot constitute notice under Rule 11."); *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) ("[T]he plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock—the rule says nothing about the use of letters."). It is well-established that "[a]ny motion seeking Rule 11 sanctions that does not comply with [the safe harbor] provisions must be denied." *Intravaia ex rel. Intravaia v. Rocky Point Union Free Sch. Dist.*, No. 12-CV-642, 2014

WL 7338849, at *3 (E.D.N.Y. Dec. 22, 2014); *see Star Mark Mgmt.*, 682 F.3d at 175 (holding that Rule 11's safe harbor provision "is a strict procedural requirement").

## B. <u>The Court's Inherent Power to Issue Sanctions</u>

The Court also "has the inherent power to sanction for improper conduct, which derives from 'the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Steimel v. Inc. Vill. of Rockville Ctr.*, 965 F. Supp. 366, 374 (E.D.N.Y. 1997) (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991)). Sanctions under the Court's inherent power "must be exercised with restraint and discretion," to be granted upon a showing of "bad faith, vexatious[], [or] wanton[] acts or actions otherwise undertaken for oppressive reasons." *International Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021) (internal quotations omitted); *see Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) ("A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings.").

## III.   DISCUSSION

Toyota seeks sanctions against Benzie and Johnson under: (1) Fed. R. Civ. P. 11(b); and (2) the Court's inherent power. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion ("Pl. Mem."), DE [83-1], at 3. Johnson moves the Court to sanction Plaintiff, Duston and Norris McLaughlin, P.A. under Fed. R. Civ. P. 11(b) only. *See* Johnson's Mem. of Law in Support of Johnson's Mot. ("Johnson Mem."), DE [89-4], at 3-6. For the reasons set forth herein, the parties' motions are denied.

A. **Plaintiff's Motion**

Toyota argues that Johnson and Benzie are subject to sanctions under Rule 11 and the Court's inherent authority based on: (i) Benzie's failure to disclose Johnson as an expert prior to the close of discovery; (ii) Benzie's statement that Plaintiff's counsel did not submit contemporaneous time records in support of Toyota's Motion for Attorneys' Fees; (iii) Benzie's statement that Plaintiff's counsel sought attorneys' fees at rates prevalent in the Southern District of New York; (iv) Benzie's false statements and misleading submissions regarding the Offer of Judgment; (v) Johnson's statement that market rates for New York metropolitan area attorneys are not subject to a Consumer Price Index Inflation Calculator (the "Inflation Calculator"); (vi) Benzie's and Johnson's argument that attorneys' fees should not exceed the amount involved in the litigation; (vii) legal conclusions in Johnson's expert report; (viii) Benzie's and Johnson's assertion that a court assessing fees must engage in a line-by-line analysis; (ix) Benzie's and Johnson's purported failure to abide by this Court's rules on page limits. *See* Pl. Mem.[2]

1. Benzie's Statement that Laura Johnson was Disclosed as an Expert

Initially, Toyota argues that the Village's disclosure of Johnson as an expert was untimely, and thus sanctionable. *See* Pl. Mem. at 5-6; Freeport Letter dated July 21, 2023, DE [79], at 2. The deadline to complete discovery on the merits of this action

---

[2] To the extent Toyota raises additional arguments in support of Plaintiff's Motion in its Reply, *see* DE [95] at 1-3, the Court does not consider those new arguments. *See Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 441 (S.D.N.Y. 2022) ("As a threshold matter, arguments or requests for relief raised for the first time in reply briefs need not be considered.") (citation omitted); *Alkahabbaz v. Holder*, 523 F. App'x 47, 48 (2d Cir. 2013).

was September 17, 2021. *See* Minute Order dated July 21, 2021, DE [35]. Johnson was identified on July 15, 2023. *See* Johnson Aff., DE [76-1]; Expert Report, DE [76-1]. She was retained not as an expert with respect to the merits of the case, however, but as to the appropriateness of the attorneys' fees requested by Plaintiff in Toyota's Motion for Attorneys' Fees, DE [75], which was not filed until June 16, 2023, and so it would have been illogical to disclose her earlier. *See* Johnson Aff., DE [76-1]; Expert Report, DE [76-1]. Under these circumstances, the Court declines to sanction Freeport for failing to disclose Johnson as an expert witness sooner. Accordingly, Plaintiff's Motion is denied as to this statement.

2.    <u>Benzie's Statement Regarding Contemporaneous Time Records</u>

Next, Toyota argues that the Village's statement that Plaintiff submitted "no actual contemporaneous time records" in support of Toyota's Motion for Attorneys' Fees is false and therefore sanctionable. *See* Pl. Mem. at 7; Benzie Decl. in Opposition to Toyota's Motion for Attorneys' Fees, DE [76], ¶¶ 45-46. Explaining this statement, Benzie states that the time records submitted by Plaintiff's counsel in support of its fee motion were "compiled" into a spreadsheet and edited, rather than "produced by a computer system into which the time is put when initially recorded," and were therefore not contemporaneous. *See* Benzie Opp'n at 4.

Benzie's conclusion is incorrect. Second Circuit courts permit parties to submit "time records that have been reconstructed for ease of review," accompanied by an affidavit stating that that data was prepared from contemporaneous time records. *Shamir v. Anchor-Int'l Found., Inc.*, No. 10-CV-725, 2013 WL 4008635, at *13

(S.D.N.Y. July 30, 2013) (citing *Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994); *see Rivera v. Hudson Valley Hosp. Grp., Inc.*, No. 17-CV-5636, 2019 WL 3955539, at *5 (S.D.N.Y. Aug. 22, 2019). Duston attested that the time entries submitted by Plaintiff were "true and accurate reflection[s] of information which was extracted from [each firm's] billing records." *See* Duston Decl. in Support of Toyota's Mot. for Attorneys' Fees, DE [75-4], at ¶¶ 7-8. Such a statement, accompanying reconstructed time records, satisfied Toyota's obligation. The Court declines to sanction Benzie on this basis, however, because "[m]erely incorrect legal statements are not sanctionable under Rule 11(b)(2)," *Storey*, 347 F.3d at 391, and Benzie's argument does not rise to the level of frivolity. *See Zeta Glob. Corp.*, 610 F. Supp. 3d at 544. Nor does it evidence "bad faith, vexatious[ ], [or] wanton[ ] acts or actions otherwise undertaken for oppressive reasons," as is required for sanctions under the Court's inherent power. *International Techs. Mktg., Inc.*, 991 F.3d at 368. Accordingly, Plaintiff's Motion is denied as to this statement.

        3.      <u>Benzie's Statement that Plaintiff's Counsel Sought Attorneys' Fees at Rates Prevalent in the Southern District of New York</u>

Toyota also seeks sanctions against Benzie for her statement that "Toyota [sought attorneys' fees] at the rates in the Southern District of New York[,]" *see* Am. Mem. in Opp'n to Toyota's Mot. for Attorneys' Fees, DE [82-1], at 16, because Plaintiff asserts it sought fees at Eastern District of New York rates. *See* Pl. Mem. at 8. As this Court explained in its Memorandum and Order on Toyota's Motion for Attorneys'

Fees, the Southern and Eastern Districts of New York form a "'unitary market for legal services.'"  Mem. and Order, DE [96], at 13 (citing *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-CV-2262, 2019 WL 2870721, at *4 (E.D.N.Y. June 18, 2019), *report and recommendation adopted*, 2019 WL 2869150 (E.D.N.Y. July 3, 2019)).  The distinction Toyota attempts to draw is therefore meaningless, and Plaintiff does not show that this contention is a direct falsehood or made in bad faith.  Thus, Plaintiff's Motion is denied with respect to this statement.

4.   The Settlement Offer

Toyota further predicates its Motion on representations Benzie made regarding the Settlement Offer.  *See* Pl. Mem. at 8-11.  Initially, Plaintiff argues that Benzie violated Rule 11 when she submitted to the Court a version of the Settlement Offer that featured different font colors than the Settlement Offer Toyota actually received, while representing that the documents were the same.  *Compare* Benzie Decl. in Opp'n to Toyota's Mot. for Attorneys' Fees, DE [76], Ex. B *with* Duston Decl. in Support of Mot. for Sanctions, DE [83-2], Ex. M.  Duston acknowledges that he identified no other differences between the two versions of the Settlement Offer.  *See id.*, ¶ 16.  Inconsistent font colors alone do not make the two versions of the Settlement Offer different enough to render Benzie's representation "a direct falsehood." *Bongiorno*, 2021 WL 4311169, at *23.  Nor does this discrepancy evidence "bad faith, vexatious[], [or] wanton[] acts[.]"  *International Techs. Mktg., Inc.*, 991 F.3d at 368.

Next, Plaintiff argues that Benzie's statement that "[t]he proposed Const [sic] Order followed that entered in *Santander . . . v. City of Glen Cove*, EDNY Docket No. 20-CV-93318" is false because the court in that action did not enter a consent order, and because the Settlement Offer had nothing in common with the settlement agreement in *Santander*. *See* Pl. Mem. at 9; Mem. in Opp'n to Toyota's Mot. for Attorneys' Fees, DE [77-16], at 10. Freeport amended the brief containing that statement, *see* DEs [82-1]; Elec. Order dated 02/06/2024 (granting the Village leave to amend its opposition memorandum), and the amended memorandum states: "The proposed Consent Order followed the Settlement entered ***into by the parties*** in *Santander . . . v. City of Glen Cove*, EDNY Docket No. 20-CV-03318." *See* Am. Mem. in Opp'n to Toyota's Mot. for Attorneys' Fees, DE [82-1], at 10 (emphasis added). This amended assertion makes it clear that Benzie was not comparing the Settlement Offer to any order by the *Santander* court. Moreover, because Benzie's statement contained no further explanation, it was so vague as to be meaningless to the Court. Resolving all doubts in Benzie's favor, *see Burke*, 464 F. Supp. 2d at 163, the Court cannot conclude that this representation was "a direct falsehood," *Bongiorno*, 2021 WL 4311169, at *23, or made in bad faith. *See International Techs. Mktg., Inc.*, 991 F.3d at 368. Accordingly, Benzie's statements about the Settlement Offer are not sanctionable.

13

5.      Johnson's Statement that Legal Fees in the New York
        Metropolitan Area are not Subject to the Inflation
        Calculator

According to Toyota, Johnson's assertion that "market rates for attorneys within the larger New York Metropolitan area have been stable, and not subject to the [Inflation Calculator]" is "a demonstrably false statement of fact." *See* Pl. Mem. at 11; Expert Report at 17. In context, Johnson was analyzing the implications of Duston's receipt of the same hourly rate in fee awards in 2020 and 2022. *See* Expert Report at 17. Such analysis is not a "statement of fact," but an argument, which, though ineffective, is neither frivolous nor demonstrates bad faith. *See Zeta Glob. Corp.*, 610 F. Supp. 3d at 544; *International Techs. Mktg., Inc.*, 991 F.3d at 368. The Court, therefore, does not grant sanctions on this basis.

6.      Benzie's and Johnson's Argument that Attorneys' Fees
        Should Not Exceed the Amount Involved in the Litigation

Plaintiff next argues that Johnson and Benzie violated Rule 11 by stating that attorneys' fees should not exceed the amount at issue in the litigation. *See* Pl. Mem. at 12-15. Benzie's challenged statement, that the underlying litigation was "what is commonly described as a small claim" is, again, so vague as to be meaningless to the Court. It is therefore unpersuasive, but not sanctionable. Am. Mem. in Opp'n to Toyota's Mot. for Attorneys' Fees, DE [82-1], at 17. Johnson's argument that "courts will often reduce fees where the amount sought exceeds the amount involved in the underlying litigation" similarly does not rise to the level of frivolity. Expert Report at 19; *see Zeta Glob. Corp.*, 610 F. Supp. 3d at 544. Toyota correctly points out that Johnson's conclusion is inapplicable in, at a minimum, civil rights litigation. Pl.

14

Mem. at 13-14 (collecting cases).  But, as set forth above, "[m]erely incorrect legal statements are not sanctionable under Rule 11(b)(2)." *Storey*, 347 F.3d at 391.  Nor has Toyota demonstrated that these arguments were brought in bad faith.  *See International Techs. Mktg., Inc.*, 991 F.3d at 368.  The Court declines to sanction Benzie or Johnson for this unsuccessful argument.

7. <u>Legal Conclusions within Johnson's Expert Report</u>

Plaintiff further contends that Johnson and Benzie should be sanctioned for submitting an expert report that impermissibly contained extensive legal analysis. Pl. Mem. at 15-17.  The Court disregarded the Expert Report for that reason.  *See* Mem. and Order, DE [96], at 28-30.  The Second Circuit, however, has rejected Toyota's argument that the submission of inadmissible material is inherently sanctionable.  *See Invs. Ins. Co. of Am. v. Dorinco Reinsurance Co.*, 917 F.2d 100, 106 (2d Cir. 1990); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 830 (2d Cir. 1992). Accordingly, Plaintiff's Motion is denied on this ground.

8. <u>Benzie's and Johnson's Assertion that a Court Assessing the Reasonableness of Fees Must Engage in a Line-By-Line Analysis</u>

Toyota continues that Johnson and Benzie incorrectly stated that a court must engage in a line-by-line analysis of time records submitted in support of an attorneys' fee motion.  Pl. Mem. at 17-18.  Plaintiff, however, does not point to a single example of Benzie or Johnson making such an assertion.  Rather, the quotes that Toyota identifies state that ***a party*** opposing a fee motion must conduct a line-by-line analysis, *see* Freeport Letter dated July 21, 2023, DE [79], at 2, and that Johnson

submitted such an analysis.  *See* Decl. of Helen Benzie in Opp'n to Toyota's Mot. for Attorneys' Fees, DE [76], at ¶ 49;  Johnson Aff., ¶ 6.  Plaintiff has identified no sanctionable argument, and its Motion is denied in this respect.

9.      <u>Benzie and Johnson's Purported Failure to Abide by This Court's Rules on Page Limits</u>

Finally, Toyota seeks sanctions on the basis that Freeport violated Rule 11(b)(1) when it submitted the Expert Report to evade the page limits set forth in this Court's individual rules.  Pl. Mem. at 18; *see* Individual Mot. Practices, Rule 4(C)(iii). Plaintiff misstates Rule 11(b)(1), which precludes an attorney from filing material for the ***purpose*** of needlessly increasing the cost of litigation.  *See* Fed. R. Civ. P. 11(b)(1). Toyota argues merely that the Expert Report had the ***effect*** of increasing such cost. *See* Pl. Mem. at 18.  Plaintiff has failed to demonstrate why sanctions are appropriate on this ground under either Rule 11 or the Court's inherent power, and its Motion is denied with respect to the Village's purported failures to abide by page limit restrictions.

Based on the above, the Court denies Plaintiff's Motion in its entirety.  While it is true that the Village made a number of losing arguments, they do not separately or in total rise to the level of sanctionable conduct, either under Rule 11 or under the Court's inherent authority.

### B. **Laura Johnson's Cross-Motion**

Johnson also moves for sanctions against Duston, Norris McLaughlin, P.A. and Plaintiff pursuant only to Rule 11.  *See* Johnson Mot.  Because Johnson failed to comply with Rule 11's safe harbor position, her motion for sanctions is denied.[3]

As explained above, a party intending to move for sanctions must serve a copy of the actual motion to be filed, and not merely a letter warning of the party's intent to seek sanctions.  *See Star Mark Mgmt., Inc.,* 682 F.3d at 175 ("An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period."); *Kumaran v. Nat'l Futures Ass'n*, No. 1:20-CV-03668, 2024 WL 3429128, at *2 (S.D.N.Y. July 16, 2024); *Balderramo v. Go New York Tours Inc.*, 668 F. Supp. 3d 207, 234 (S.D.N.Y. 2023).   Johnson failed to do so.

Instead, on September 21, 2023, Johnson sent a letter to Duston asking him to withdraw Plaintiff's Motion with respect to Johnson, and announcing Johnson's intent to cross-move for sanctions if Toyota declined.  *See* Affirmation of Kenneth M. Labbate ("Labbate Aff."), Ex. B, DE [89-3]; Johnson Mem. at 3.  That letter alone was insufficient to trigger the Rule 11 safe harbor, because a copy of the motion was not attached.  *See, e.g.*, *Kumaran*, 2024 WL 3429128, at *2 (denying a cross-motion for sanctions where the party seeking sanctions served only a letter notifying the opposing party of her intent to seek sanctions but did not attach a copy of the relevant motion).  Accordingly, Johnson's Motion is denied on procedural grounds.  *See Intravaia*, 2014 WL 7338849, at *3.

---

[3] Johnson does not move for sanctions under the Court's inherent power, and so the Court does not consider her motion under that standard.

## IV.    CONCLUSION

For the reasons set forth above, the parties' motions are denied in their entirety.

**SO ORDERED.**

Dated:        Central Islip, New York
              August 27, 2024

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge